### Potter v. Ramey.

(Decided May 23, 1912.)

#### Appeal from Pike Circuit Court.

Assault—Action For—Evidence—Verdict.—In an action for an assault, the only question being whether the verdict was flagrantly against the evidence, evidence examined and held to support the verdict.

CHILDERS & CHILDERS for appellant.

BUTLER & MOORE for appellee.

Opinion of the Court by Judge Nunn—Affirming.

This action was brought in 1910, by appellant for an alleged assault made upon him by appellee during that year. The cause of action, as stated in the petition, is as follows:

"The defendant at said time and at Elkhorn City in said county and State, tried to shoot the plaintiff with a pistol and did present said pistol at plaintiff and snapped same; that said Ramey at said time was very close to plaintiff and plaintiff believes and charges that if he (defendant) had not been prevented he would have killed plaintiff; that the defendant by the wrongful acts aforesaid put plaintiff in great fear and heaped upon him great shame, humiliation and indignity, and caused him to suffer great mental anguish and bodily harm," &c.

Appellee's only pleading was an answer which denied specifically the charge in the petition. A trial was had before a jury; much testimony was introduced by both parties and the issues were submitted to the jury which returned a verdict for appellee. Appellant moved for a new trial and assigned as a cause only to-wit, "Because the verdict of the jury is not sustained by sufficient evidence and is contrary to the evidence and law."

There is no complaint made of the instructions and they are not copied into the record. The testimony is copied into the record and properly certified. Therefore, the only question submitted to us for determination, and the only one that we determine, is: Was the verdict of the jury flagrantly against the evidence upon the issues made by the pleadings? It is probably true that a majority of the witnesses supported appellant's theory of the case, but a considerable number of the witnesses testified to facts supporting the verdict of the jury. The jury saw and heard the witnesses testify and were better able to give the testimony its proper weight than this court, and we cannot say that the verdict of the jury is flagrantly against the weight of the testimony, and to authorize us to reverse this judgment we would be compelled to believe that the verdict is flagrantly against the evidence.

For these reasons, the judgment of the lower court is affirmed.